**Alfred M. WALPERT**
v.
**Harry BART et al.**
**Civ. A. No. 17539.**

United States District Court
D. Maryland.

April 18, 1968.

Martin B. Greenfeld, Greenfeld & Greenfeld, Baltimore, Md., and Sidney B. Silverman, New York City, for plaintiff.

William L. Marbury, Decatur H. Miller, E. Stephen Derby, and Piper & Marbury, Baltimore, Md., for defendants.

NORTHROP, District Judge.

Stanley M. Linchuck has moved to intervene in the above-entitled case pursuant to Rule 24(a), Federal Rules of Civil Procedure. Defendants oppose the attempted intervention on the ground that the application is in disregard of the requirement of Rule 24(a) that an application for intervention be "timely". Both the applicant and the defendants have submitted the question of the propriety of intervention to the court on the papers which have been filed.

The facts relating to this application are not in dispute. On August 11, 1966, Alfred Walpert, the holder of 100 shares of common stock of The Rouse Company (hereinafter referred to as the Company) filed a derivative suit on behalf of the Company. The complaint charged that the proxy statement, dated May 21, 1966, issued by the Company in connection with its acquisition of James W. Rouse & Company, Inc., contained certain false and misleading statements and omitted certain material facts, and sought a recision of the transaction.

The defendants answered the complaint on October 31, 1966, and raised as a defense laches on the part of Walpert. And on December 19, 1966, defendants filed a Motion for Summary Judgment on the grounds that the proxy statement was not misleading and that the plaintiff was barred by laches. This court granted defendants' motion on both grounds, Walpert v. Bart et al., 280 F. Supp. 1006 (D.Md.1967), and the Fourth Circuit Court of Appeals affirmed per curiam on January 25, 1968, 390 F.2d 877.

According to the affidavits filed in support of the application to intervene, Walpert sold his stock in the Company shortly after the decision of the Court of Appeals "solely because of personal tax and investment reasons". Counsel were not made aware of the sale of the stock until on or about March 25, 1968.

Stanley Linchuck, the applicant, affies that the following events transpired in the meantime: He had retained Walpert's counsel for several years in another non-related case pending in the Southern District of New York. He is the owner of 15 shares of common stock of The Rouse Company which he purchased on April 21, 1966. On March 2, 1968, he met with counsel in connection with his pending lawsuit and discussed during that meeting the stockholders' suit brought by Walpert. Counsel described the case and the decisions of this court and the Court of Appeals and told Linchuck that a petition for certiorari to the Supreme Court was being considered. Linchuck asked that he be kept advised as to the progress of the case and he offered his assistance if that should be necessary. Two days after counsel was notified that Walpert had sold his shares in the company, counsel called Linchuck and said "that unless a shareholder intervened the action would abate and no petition for certiorari to the Supreme Court could be made." Linchuck said that he "wanted to intervene and retain him and associate counsel for the purpose of applying for certiorari to the Supreme Court."

Whether intervention in this case is proper is governed by Rule 24(a), F.R. Civ.P., which provides in part as follows:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

In all applications for intervention, both permissive and of right, the court must determine whether the application meets the requirement of "timeliness". To this extent the court has considerable discretion with respect to

all applications. But where the applicant may intervene as of right, and thus may be seriously prejudiced if not permitted to do so, the court will exercise its discretion in denying with greater reluctance. Consequently, the fact that judgment has been entered in this case will not, of itself, bar intervention if it is necessary to protect a right, for example, the right of appeal, which cannot be protected without intervention. United States Casualty Co. v. Taylor, 64 F.2d 521 (4th Cir. 1933).

 The principle that timeliness of intervention is to be judged from the time when intervention was first appropriate is generally recognized. In Securities and Exchange Commission v. Bloomberg, 299 F.2d 315, 320 (1st Cir. 1962) the court aptly enunciated this principle:

> "The determination of whether a petition is timely involves competing considerations, not the least of which is whether the applicant was in a position to seek intervention at an earlier stage."

The only case brought to the court's attention wherein the propriety of intervention to file a petition for certiorari to the Supreme Court was considered is Alleghany Corp. v. Kirby, 344 F.2d 571 (2d Cir. 1965); cert. granted, 381 U.S. 933, 85 S.Ct. 1772, 14 L.Ed.2d 698 (1965); cert. dismissed as improvidently granted, 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966). That case closely parallels the case at bar and therein intervention was denied, *inter alia,* as untimely when application was made sixteen months after such intervention was first appropriate. Thus, determinative of the present application will be the fact that the applicant unduly procrastinated after the time when intervention was proper.

 The applicant maintains that "[p]rior to learning that Walpert had sold his shares, [he] had no reason to believe that his representation in this lawsuit was not adequate." However, as defendants point out, this ignores the history of this case.

After suit was filed, the Company informed its stockholders of the pendency of the suit in its Annual Report to Stockholders for the year ending May 31, 1966, and again in its Notice of Annual Meeting of Stockholders, dated September 23, 1966. In August of 1967, the Company's Annual Report to Stockholders advised that Summary Judgment had been granted by this court. Thus, Linchuck was on notice from the beginning that a stockholder, as representative of the whole class of stockholders, had filed a derivative suit on behalf of the Company.

Laches was raised as a defense to the suit brought by Walpert when an answer was filed by the defendants in October, 1966, and was one of the grounds raised in defendants' Motion for Summary Judgment in December, 1966. The appropriate time for intervention by the applicant was fifteen months ago when the defendants pressed their objections to Walpert as a representative of the class by asserting laches as a defense. Or, at the very least, the appropriate time for intervention was nine months ago when this court held that Walpert was indeed barred by laches from bringing suit.

By his procrastination applicant seeks to interject himself at this late date to avoid several very important preliminary matters, such as his adequacy to represent the class and whether he, too, is barred by laches. For these reasons it is clear that the applicant's petition to intervene is untimely and, consequently, it is

Ordered this 18th day of April, 1968, that the motion to intervene be, and it is hereby, denied.