**In re GRAND JURY INVESTIGATION INTO POSSIBLE VIOLATIONS OF TITLE 18, UNITED STATES CODE, SECTIONS 201, 371, 1962, 1952, 1951, 1503, 1343 AND 1341 "A", Intervenor, Appellant.**

**No. 78–1755.**

United States Court of Appeals, Third Circuit.

Argued Sept. 7, 1978.

Decided Oct. 20, 1978.

**599**

See also 3d Cir., 587 F.2d 589.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, App. Section, Frank H. Sherman, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

John Rogers Carroll, Thomas Colas Carroll, Carroll, Creamer, Carroll & Duffy, Philadelphia, Pa., for intervenor "A".

Stanley M. Brand, General Counsel to the Clerk, Steven R. Ross, Asst. Counsel to the Clerk, U. S. House of Representatives, Washington, D. C., for amicus curiae.

## OPINION ON MOTION TO INTERVENE AND FOR ACCESS TO RECORD

Before GIBBONS, HUNTER and GARTH, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge:

Philadelphia Newspapers, Inc., publisher of the Philadelphia Daily News and James Smith, a reporter employed by that newspaper, have petitioned in this court for leave to intervene in the above entitled appeal in order to challenge an order impounding court records. They made no motion to intervene in the district court. The order to which they object was made by the Clerk of this Court pursuant to authority delegated to him by the court. But that order did no more than carry forward during the pendency of an appeal, an impoundment order made by the district court.

The proceedings giving rise to the appeal in which intervention is sought are set forth in greater detail in an opinion disposing of it on the merits.[1] For present purposes it suffices to note that when a grand jury subpoena was served on the Clerk of the House of Representatives for the telephone toll records of a member of Congress, the Congressman moved to intervene in order to assert a Speech or Debate Clause privilege. When relief was denied, he appealed. We held that some of the telephone calls reflected in the subpoenaed records may fall within the privilege and that a hearing is required to determine which they are. But we also suggested that the Congressman's privilege, as applied to third-party testimony, is one of use immunity, not of secrecy. Thus the petition of the newspaper intervenors is unaffected by our disposition of the legal issues raised by the Congressman's appeal.

On March 6, 1978 the United States Attorney, purporting to comply with House Resolution 10,[2] filed with the district court an affidavit in support of a motion for the issuance of a grand jury subpoena to the Clerk for the telephone records of Congressman Joshua Eilberg. Of necessity that affidavit disclosed the nature of the grand jury investigation. The court issued an order authorizing the subpoena. Local Crimi-

1. *See In re Grand Jury Investigation* (Intervenor A), 587 F.2d 589 (3d Cir. 1978).

2. *See In re Grand Jury Investigation* (Intervenor A), supra, note 1.

nal Rule 4(c), Rules of the United States District Court for the Eastern District of Pennsylvania provides:

(c) In legal proceedings relating to grand jury investigations, including but not limited to motions to quash, limit, modify or enforce a grand jury subpoena or for a protective order with respect thereto, motions to furnish identifying characteristics to the grand jury or its agent, or to compel testimony before the grand jury, and motions for an order of immunity:

(1) The United States (whether acting as a party or as counsel for the grand jury) shall not disclose the identity of any grand jury witness, person under investigation or specific grand jury investigative subject area in any affidavit, motion or other paper filed in the public record, nor in the caption thereof, except in camera, under seal, or where the paper is already subject to an order of impoundment; provided, however, that the United States may disclose in such affidavit, motion or other paper the identity of a grand jury witness or person under investigation who has previously disclosed his, her or its own identity in relation to the same proceedings in any publicly filed paper, or where such disclosure has been expressly authorized by an order of this Court; and provided further that this rule shall not prohibit attorneys for the government from the use of such matters as are necessary for the performance of their official duties in accordance with Federal Criminal Rule 6(e).

(2) No person shall disclose in any affidavit, motion or other paper filed in the public record, nor in the caption thereof, the identity of any grand jury witness, or person under investigation or specific grand jury investigative subject area, other than that of himself, herself or itself, unless in camera, under seal, or where the paper is already subject to an order of impoundment, except where the grand jury witness or person under investigation has

disclosed his, her or its own identity in relation to the same proceedings in any publicly filed paper, or where such disclosure has been expressly authorized by an order of this Court.

(3) In order to facilitate implementation of this rule, any motion, affidavit or other paper relating to matters or proceedings before the grand jury may be filed anonymously or pseudonymously, with the name or information thus protected provided to the Court in camera and under seal.

Acting pursuant to Local Criminal Rule 4(c)(1) the district court ordered that both the United States Attorney's moving papers and its affidavit be sealed. Taking advantage of the procedure set forth in Local Rule 4(c)(3) Congressman Eilberg filed a motion to intervene captioned as "Intervenor A." Pursuant to the same rule his moving papers were sealed, and the hearing on his motion was held in camera. The order of the Clerk of this Court merely carried forward pending action by a panel of the court, these actions of the district court. Later the appellant moved for an order that the oral argument on his appeal be held in camera. The panel to which the appeal was referred denied that motion, and the petitioners for intervention learned of the case when the appeal was argued on September 7, 1978.

It is clear that the order about which petitioners complain is not one relating to the status of the appellant Congressman as such, but one relating to the identity of grand jury witnesses and of the subjects of grand jury investigations. Fed.R.Crim. Proc. 6(e) provides:

(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury

only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. *No obligation of secrecy may be imposed upon any person except in accordance with this rule.* The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons. (emphasis supplied).

Arguably the provisions of Local Criminal Rule 4(c) impose obligations of secrecy beyond those permitted by Rule 6(e). That is not the argument set forth in the petition for intervention, however, for the good reason that the attorneys who prepared it had no way of knowing that the order by which their clients were aggrieved merely carried forward the district court's Local Criminal Rule 4(c) rulings.

The district court did not pass upon any challenge to Local Criminal Rule 4(c), on its face or as applied, and no record was made as to the competing interests which are affected by it. The absence of such a record, as well as the absence of any clear indication of interest by the parties before us on this appeal in defending it, suggest to us that intervention at this level is inappropriate. The petitioners rely on *United States v. Cianfrani,* 573 F.2d 835 (3d Cir. 1978) for the proposition that they have standing to contest secrecy orders. As an abstract proposition they do. But in *Cianfrani* they intervened in the district court and thus both they and the court had the opportunity to make an appropriate record. Moreover, the secrecy order in *Cianfrani* did not involve Local Criminal Rule 4(c).

The question whether intervention may be allowed at the appellate level has not often been passed upon. While there is no express provision for such intervention in the Federal Rules of Appellate Procedure, neither is there any prohibition. Those courts which have considered the question have recognized that while a court of appeals has power to permit intervention that power should be exercised only in exceptional circumstances for imperative reasons. *E. g., McKenna v. Pan. Am. Petroleum Corp.,* 303 F.2d 778, 779 (5th Cir. 1962); *Morin v. City of Stuart,* 112 F.2d 585 (5th Cir. 1939). This is not a case where the district court erred in denying intervention and the error was corrected by permitting intervention on appeal. *E. g., Smartt v. Coca Cola Bottling Corp.,* 337 F.2d 950 (6th Cir. 1964); *Park & Tilford, Inc. v. Schulte,* 160 F.2d 984 (2d Cir. 1947). Nor is it a case where intervention is sought because a party in the lower court has declined to appeal from an order affecting interests of the intervenor. *E. g., Romasanta v. United Airlines,* 537 F.2d 915 (7th Cir. 1976), *aff'd sub nom. United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). Indeed the issues which the petitioners for intervention seek to litigate are quite unrelated to those presented by the appellants, and disposition of the appeal in no way prejudices the petitioners. *Compare Hurd v. Illinois Bell Tel. Co.,* 234 F.2d 942 (7th Cir.), *cert. denied,* 352 U.S. 918, 77 S.Ct. 216, 1 L.Ed.2d 124 (1956). No authority has been called to our attention warranting intervention on such unrelated issues in lieu of a separate action against the court which entered the offending order.

We note that the order entered by the Clerk of this Court is slightly broader than that of the district court, because it covers not only the record on appeal, but also the briefs of the parties. We have, simultaneously with the filing of the opinion in the appeal, vacated that part of the order which refers to the briefs of the parties. Nothing is contained in those briefs which is not revealed in that opinion. Thus any application addressed to the secrecy surrounding the briefs is moot.

Since the real source of the order sealing the district court record in this case is Local Criminal Rule 4(c) of the Eastern District

of Pennsylvania any challenge to the practice should in the first instance be addressed to that court. There are no exceptional circumstances or imperative reasons for hearing the case in this court in the first instance. The petition for intervention will be denied.