In re **GRAND JURY PROCEEDINGS** (Robert G. **MALONE**, Appellant).

**Paul E. Horvath, Intervenor.**

**No. 80–2188.**

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1981.

Decided July 30, 1981.

William W. Essling, argued, St. Paul, Minn., for appellant.

Douglas W. Thomson Law Firm, Douglas W. Thomson and Robert D. Goodell, argued, St. Paul, Minn., for intervenor.

Daniel Schermer, Asst. U. S. Atty., argued, Thomas K. Berg, U. S. Atty., Sheryl Ramstad Hvass, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HENLEY and ARNOLD, Circuit Judges, and FILIPPINE,* District Judge.

ARNOLD, Circuit Judge.

This is an appeal from an order of the District Court denying Robert G. Malone's motion to quash a subpoena duces tecum and to return all documents deposited with the court pursuant to the subpoena. After Malone filed his notice of appeal, Paul E. Horvath, Jr., Malone's client and the owner of the subpoenaed papers, moved to intervene in the appeal. The government then moved to dismiss the appeal for lack of a final appealable order. This Court granted Horvath's motion to intervene on February 5, 1981, subject to full briefing of the jurisdictional question along with the merits of the appeal.

Most of the relevant facts occurred on November 7, 1980, when three federal officers served a subpoena duces tecum on Malone at his law office. The subpoena directed his appearance before the grand jury "forthwith" and his production of the following documents:

> records pertaining to financial transactions involving Michael Kevin Dinneen, Paul E. Horvath, Jr., Robert Horvath, Sierra Vista, Inc., Landmark, Ltd., Investors 10, Ltd., ALGEE Incorporated, DI-OPCO, Inc., National Gutter Company, Consolidated Finance Corporation, and

* The Hon. Edward L. Filippine, United States District Judge for the Eastern District of Missouri, sitting by designation.

John E. Blomquist Incorporated including but not limited to corporate minute books, resolutions and articles of incorporation, listing agreements, offers to buy, copies of deeds, title opinions, closing documents, closing statements, contracts, purchase agreements, correspondence, ledgers, books and records of account, bank statements, cancelled checks, check registers, deposit tickets.

Malone called William W. Essling, a lawyer and family friend, to accompany him to the grand jury. They took with them the documents requested in the subpoena. The parties met with United States District Judge Donald D. Alsop, who gave Mr. Essling until 2:00 to examine the papers to determine if they were privileged. Before the grand jury, Malone refused to turn over the papers and refused to testify about his professional relationship with any of the persons named in the subpoena. He was asked, and answered, several personal questions about travel out of the country, finances, bank accounts, and business trust accounts. He testified that he currently represented Paul E. Horvath, Jr., and had represented Robert M. Horvath. Later that afternoon the parties again appeared before Judge Alsop. Mr. Essling explained that he had removed 20 to 30 notes and memoranda written by Mr. Malone which he thought were not covered by the subpoena. Those papers are no longer at issue. After brief arguments on the privilege issue, Judge Alsop ordered the remaining papers sealed in the custody of the Clerk of the Court, to be opened only on court order. The parties were directed to submit briefs.

Mr. Malone subsequently moved for an order quashing the subpoena, and for protective orders relating to his future testimony before the grand jury. After an *in camera* inspection of the files Judge Alsop denied Malone's motion to quash, except as to two of the documents, on December 3, 1980. The other documents were ordered released to the government, but the District Court stayed its own order pending appeal.

The first issue is whether this court has jurisdiction over the case. We have recently discussed the jurisdictional principles which govern appellate review of interlocutory disclosure orders raising the issue of attorney-client privilege. See *In re Berkley & Co.*, 629 F.2d 548, 550–52 (8th Cir. 1980). We noted the general rule that a person to whom a grand-jury subpoena is directed cannot appeal from the denial of a motion to quash the subpoena, but must first refuse to comply with the subpoena and litigate his claims in contempt proceedings. *Id.* at 551. A well-established exception to this rule, however, permits an individual claiming a privilege or other interest in subpoenaed documents to appeal from an order to produce directed to a third-party custodian of the documents. *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). The theory for allowing immediate appeal is that the appellant himself, not having the documents in his possession, cannot resist compliance in order to obtain review in contempt proceedings, and the third-party custodian cannot be expected to risk contempt to secure review on his behalf. *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971); *In re Berkley & Co., supra*, 629 F.2d at 551 (citing cases).

The government, citing *In re Oberkoetter*, 612 F.2d 15, 16–18 (1st Cir.), *app. for stay denied mem.*, 444 U.S. 1041, 100 S.Ct. 726, 62 L.Ed.2d 727 (1980), and *National Super Spuds, Inc. v. New York Mercantile Exch.*, 591 F.2d 174, 179–80 (2d Cir. 1979), asks us to hold that neither Malone, the lawyer, nor Horvath, the client, has the right to appeal the order denying the motion to quash. These cases, if expanded to the full extent of their logic, would indeed indicate that this appeal should be dismissed. We decline to follow them in the present situation. As this Court noted in *Berkley*, 629 F.2d at 551, both *Oberkoetter* and *National Super Spuds* question the soundness of the Supreme Court's ruling in *Perlman*. Whatever the merits of *Perlman* as an academic matter, it remains an opinion of the Supreme Court of the United States, never overruled, and recently cited with approval, *e.g.*, *United States v. Nixon*, 418 U.S. 683, 691, 94 S.Ct. 3090, 3099, 41

L.Ed.2d 1039 (1974). We do not feel so free to criticize the Supreme Court's reasoning and forecast its probable future conduct as did the *Oberkoetter* and *National Super Spuds* courts. Instead, we are persuaded by the reasoning of other courts that have addressed this issue and held that a client-intervenor may avail himself of the *Perlman* doctrine.

The Fifth Circuit very recently faced this question. That court phrased the issue thus: "May a client-intervenor take advantage of the *Perlman* exception to appeal an order compelling testimony from the client's attorney?" *In re Grand Jury Proceedings in the Matter of Fine*, 641 F.2d 199, 202 (5th Cir. 1981). In *Fine* the attorney was called before the grand jury and asked the name of his client. He asserted the attorney-client privilege and refused to identify the client. The client filed a notice of appeal as an "unnamed grand-jury target." The Fifth Circuit held that a client should not have to rely on the possibility that his attorney would resist to the point of contempt in order to secure review of an order for the attorney to testify.[1]

Although we cannot say that attorneys in general are more or less likely to submit to a contempt citation rather than violate a client's confidence, we can say without reservation that some significant number of client-intervenors might find themselves denied all meaningful appeal by attorneys unwilling to make such a sacrifice. That serious consequence is enough to justify a holding that a client-intervenor may appeal an order compelling testimony from the client's attorney.

*Id.* at 203. We agree with the Fifth Circuit that the *Perlman* exception is available to a client-intervenor when he is appealing an order compelling testimony or documents from his attorney. *Accord, In re November 1979 Grand Jury*, 616 F.2d 1021, 1025 (7th Cir. 1980); *Velsicol Chemical Corp. v. Parsons*, 561 F.2d 671 (7th Cir. 1977), *cert. denied*, 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538 (1978).

Since, under this reasoning, Horvath has a right to appeal, we find it unnecessary to decide whether we would have jurisdiction if only Malone, the lawyer, were an appellant. Horvath makes all the arguments that Malone makes, as well as some of his own. If Horvath had intervened below and then appealed, our jurisdiction would be clear. Indeed, that seems to have been the procedure followed in *Fine, supra.* Horvath's personal interest obviously would have warranted allowing him to intervene in the District Court. The attorney-client privilege, after all, belongs to the client and exists for his benefit. No different result should follow by reason of the fact that Horvath addressed his motion for leave to intervene to this court instead of to the District Court.[2] There is language in the books to the effect that intervention after the fact cannot cure a pre-existing jurisdictional defect, but this language, like most other statements in judicial opinions, should not be automatically applied in every situation. Here, Horvath's motion to intervene was the functional equivalent of a notice of appeal of his own, and, as we have mentioned, would have been timely as such. We have held, following *Fine*, that Horvath had a right to invoke this court's appellate

---

1. While *Fine* involved compelled testimony only and this case focuses on the production of documents in the attorney's possession, the distinction is not relevant to the issue of appealability.

2. In *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), the Court held that intervention after final judgment for the purpose of pursuing an appeal is appropriate when the appeal has been abandoned by the parties to the suit and the intervenor's interest would no longer be protected. Several cases are discussed and approved which allow postjudgment intervention when

the motion is filed in the district court within the time allowed for filing a notice of appeal under Fed.R.App.P. 4(a). *Id.* at 395 n.16, 97 S.Ct. at 2470 n.16. The present case is analogous. Horvath's motion for leave to intervene (which, as explained above, we have already granted) was made here before the time for appeal from the District Court's order expired. On intervention in appellate courts, see also *United Automobile Workers v. Scofield*, 382 U.S. 205, 217 n.10, 86 S.Ct. 373, 381 n.10, 15 L.Ed.2d 272 (1965); *In re Grand Jury Investigation*, 587 F.2d 598 (3d Cir. 1978).

jurisdiction. Even if Malone, the lawyer and original appellant, had no such right, Horvath's intervention should be allowed to prevent the appeal from failing. *Cf. McKay v. Heyison,* 614 F.2d 899, 907 (3d Cir. 1980) (if there is an independent basis of jurisdiction as to the intervenor, a district court has discretion to treat the intervention as a separate action). We need not decide what the result would be if the motion for leave to intervene had been made in this court after the time for appeal had expired. We hold only that we have jurisdiction of a client's appeal from an order directing his attorney to comply with a grand-jury subpoena, where the attorney has unsuccessfully asserted the attorney-client privilege, and where the client has asked to become a party to the appeal within in the time for filing a notice of appeal in the District Court.

■ We turn, then, to the merits. After an *in camera* inspection of all of the documents at issue, Judge Alsop found that, except for two letters which are no longer in issue, none of the documents fell within the privilege as "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Unadopted Rule 503 of the Fed.R.Evid., Weinstein, *Evidence* ¶ 503–1 (1980); see 8 Wigmore, *Evidence* § 2291 (McNaughton rev. 1961). We agree that the remaining papers are ordinary business and financial records of corporations and partnerships which would not have been privileged in the hands of the client. Mere delivery of the documents to the attorney would not create the privilege where it previously did not exist. *Fisher v. United States,* 425 U.S. 391, 403–04, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). We also have examined the documents *in camera* and find no reason to disturb the District Court's ruling.[3]

■ Horvath also objects that he was not present when the District Court inspected the documents and therefore was not given a chance to explain why the documents are privileged. He further contends that he did not have a chance to assert his Fifth Amendment privilege against self-incrimination. We see no reason to remand this case for an additional hearing. The arguments were adequately presented to the District Court by Malone. Judge Alsop expressly found that most of the documents are financial records of business organizations which are not protected from disclosure by the Fifth Amendment, or are tax returns, forms, and letters that were sent or received by a third party and are for that reason not privileged now, if they ever were. The District Court properly considered and rejected the Fifth Amendment claim.

Finally, it is argued that Malone cannot be compelled to testify about and explain the documents under consideration here. That question is not properly before this Court. The District Court did not order Malone to testify, but simply found it inappropriate to enter an order prohibiting the United States from questioning him on matters which Malone thought would be protected by the attorney-client privilege. We agree that it would be improvident to order the government, in blanket terms and on pain of contempt, not to ask questions about "privileged matters" in general. The issue is far better addressed in the context of an order directing an answer to a specific question.

■ Horvath also claims that some of the documents are privileged as "work product." This argument was not addressed by the District Court, probably because it was not made in that court. As we have already noted, Malone's own attorney has already been permitted to withdraw a number of notes in Malone's own handwriting. We have examined the remaining doc-

---

**3.** No purpose would be served by a detailed listing of the documents. They are in the main ordinary business records, including partnership agreements, articles of incorporation, corporate minute books, bank records, real estate transactions, deeds, tax returns, and other similar papers. Our approval of release of these documents to the grand jury is in no way a comment on their relevance or admissibility in any other proceeding.

uments, and none of them appears clearly to have been prepared in preparation for or contemplation of litigation. The burden is on the party asserting a privilege to establish it, but neither Malone nor Horvath points to any particular document as within the work-product rule. In these circumstances, we hold that no work-product privilege is made out.

The motion of the United States to dismiss the appeal is denied. The order of the District Court releasing the documents to the United States is affirmed. Costs will be taxed against appellants Malone and Horvath. The Clerk of this Court will return the documents in question under seal to the Clerk of the District Court, to be delivered to the United States in accordance with the order of the District Court which we today affirm.

It is so ordered.