## AMALGAMATED TRANSIT UNION INTERNATIONAL, AFL–CIO, et al., Appellants

v.

**Raymond J. DONOVAN, Secretary of Labor.**

**No. 84–5159.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 24, 1985.

F. Joseph Warin, Washington, D.C., was on the motion of Metropolitan Atlanta Rapid Transit Authority for leave to intervene.

Before EDWARDS and GINSBURG, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court PER CURIAM.

PER CURIAM:

The Metropolitan Atlanta Rapid Transit Authority ("MARTA") moves for leave to intervene in this case. This motion comes to us more than four months after this court heard oral argument and almost two months after we reversed the judgment of the court below. Because MARTA's request does not present an exceptional case involving imperative reasons justifying intervention at this late stage, we deny the motion to intervene.

The Secretary of Labor refused to deny certification to MARTA under section 13(c) of the Urban Mass Transportation Act of 1964, 49 U.S.C. app. § 1609(c) (1982).[1] The District Court, 582 F.Supp. 522, upheld the Secretary of Labor's decision and the Amalgamated Transit Union ("ATU") appealed to this court. After oral argument on April 11, 1985, this court issued an opinion on July 9, 1985, reversing the District Court judgment. We remanded the case with instructions that the District Court require the Secretary to revoke the certification of MARTA's labor protective agreement. MARTA filed this belated motion for leave to intervene—as well as a Petition for Rehearing and Suggestion for Rehearing *En Banc*—on August 27, 1985.[2] MARTA seeks intervention in order to file its motion for rehearing *en banc* and to secure a right to petition for a writ of certiorari from the Supreme Court.

A court of appeals may allow intervention at the appellate stage where none was sought in the district court "only in an exceptional case for imperative reasons." *Landreth Timber Co. v. Landreth,* 731 F.2d 1348, 1353 (9th Cir.1984), *rev'd on other grounds,* — U.S. —, 105 S.Ct. 2297, 85 L.Ed.2d 692 (1985); *Spring Construction Co. v. Harris,* 614 F.2d 374, 377 n. 1 (4th Cir.1980); *In re Grand Jury*

1. The full facts of the Amalgamated Transit Union's challenge to the Secretary's refusal to deny certification to MARTA are laid out in our decision in this case. *Amalgamated Transit Union International, AFL-CIO v. Donovan,* 767 F.2d 939 (D.C.Cir.1985).

2. On August 26, 1985, the Secretary filed a Motion for Rehearing and Suggestion for Rehearing *En Banc.*

*Investigation,* 587 F.2d 598, 601 (3d Cir. 1978); *McKenna v. Pan American Petroleum Corp.,* 303 F.2d 778, 779 (5th Cir. 1962).[3] Where, as here, the motion for leave to intervene comes *after* the court of appeals has decided a case, it is clear that intervention should be even more disfavored. We further note that, if this were a proceeding to review agency action, the motion to intervene would have exceeded by far the limited time prescribed for such motions. Under Federal Rules of Appellate Procedure Rule 15(d), a motion for leave to intervene "shall be filed within 30 days of the date on which the petition for review is filed."

The obvious reason for the rule against belated intervention is that it is unduly disruptive and places an unfair burden on the parties to the appeal. After a case has been fully litigated, the positions of all interested parties have been fixed and fully addressed by the trial and appellate courts. It would be entirely unfair, and an inexcusable waste of judicial resources, to allow a potential intervenor to lay in wait until after the parties and the trial and appellate courts have incurred the full burden of litigation before deciding whether to participate in the judicial proceedings. Furthermore, if intervention is allowed after appellate argument and decision, both the judicial panel and the parties before the court are denied any meaningful opportunity to respond to any new arguments raised by a claimant who seeks to intervene.[4]

MARTA does not cite—and this court has been unable to find—any case in which intervention was permitted at this late stage.[5] It is arguable that a rare case offering truly imperative reasons for intervention may merit an exception, but as a general rule this court will deny motions to intervene at this late stage.

There is no doubt that in this case there are no exceptional circumstances supported by imperative reasons to justify MARTA's motion for leave to intervene. MARTA argues that the Secretary of Labor is not an adequate representative of its interest because the Secretary is concerned with maintaining the scope of his authority and discretion over administrative matters in general, while MARTA's interest is focused on its entitlement to receive federal funds. This argument borders on being frivolous because the Secretary had to prevail in this case in order for MARTA to preserve its claim to federal monies.[6] This fact also serves to highlight the point that the real party in interest in this case is the Secretary and not MARTA. This case involved statutory limits on the Secretary's discretion in the certification of labor pro-

3. No provision in the Federal Rules of Appellate Procedure provides for intervention on appeal, except in proceedings to review agency action. Fed.R.App.P. 15(d). Federal Rules of Civil Procedure Rule 24, relied upon by MARTA, only applies to intervention at the district court level. *See* Fed.R.Civ.P. 1; *International Union, UAW, Local 283 v. Scofield,* 382 U.S. 205, 217 n. 10, 86 S.Ct. 373, 381 n. 10, 15 L.Ed.2d 272 (1965). Although the Supreme Court has recognized that "the policies underlying intervention may be applicable in appellate courts," *id.,* courts of appeals have developed their own standards of intervention in order to take account of the unique problems caused by intervention at the appellate stage.

4. MARTA argues that no such disruption would occur here because MARTA's arguments have been reflected in briefs filed by the American Public Transit Association as amicus curiae. It also argues that no delay will result from its petition for rehearing because the Secretary of Labor has already made a similar request. These arguments directly contradict MARTA's claim that its position is not now adequately represented.

5. Indeed, the few courts to face motions to intervene after an appellate court has issued a decision uniformly have rejected intervention as untimely. *See Alleghany Corp. v. Kirby,* 344 F.2d 571 (2d Cir.1965) (denying motion to intervene in shareholder derivative suit after court of appeals decision), *cert. dismissed as improvidently granted,* 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966); *Walpert v. Bart,* 44 F.R.D. 359 (D.Md.1968) (denying motion to intervene in shareholder derivative suit for sole purpose of petitioning the Supreme Court for a writ of certiorari).

6. MARTA does *not* claim that the legal representation afforded the Secretary was somehow inadequate either at the District Court or in this court.

tective agreements. MARTA's conduct is not on trial and it can suffer no damages for any alleged past acts of misconduct. It can easily avoid the future loss of federal monies by compliance with federal law. If MARTA wishes to challenge the *future* exercise of the Secretary's discretion, it may do so by bringing an action against the Secretary, not by intervening in this case.

Furthermore, the alleged conflict of interest between the Secretary's focus on his general scope of authority and the employer's entitlement to funds is hardly exceptional. Such a conflict will exist in *any* appeal to which an agency is a party and a third-party faces some liability or loss of funds if the agency does not prevail.

Most importantly, MARTA offers no explanation whatsoever for its failure to make a request for intervention at the District Court level or even soon after ATU appealed to this court. Because the alleged conflict of interest between MARTA and the Secretary existed at the commencement of this litigation, the reasons now urged for intervention would have been equally applicable at much earlier stages of this case. Indeed, MARTA could have moved to intervene when ATU appealed, and then concurred in the government's position before this court. Alternatively, MARTA could have sought intervenor status while adhering to the arguments advanced in the amicus brief filed by the American Public Transit Association, a trade association to which MARTA belongs.

For the foregoing reasons, we conclude that intervention is not merited at this late stage. We therefore deny MARTA's motion for leave to intervene.

*So Ordered.*