# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3199

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Beltramea

*Defendant*

Federal Public Defender

*Interested party - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 9, 2016
Filed: August 5, 2016

_____

Before SMITH and COLLOTON, Circuit Judges, and ERICKSON,[1] District
Judge.

_____

SMITH, Circuit Judge.

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court
for the District of North Dakota, sitting by designation.

The Federal Public Defender (FPD) appeals an order of the district court[2] compelling Terry McAtee, an Assistant Federal Public Defender, to reveal communications that he had with his client, Randy Beltramea. We dismiss the appeal for lack of jurisdiction.

McAtee represented Beltramea, who had been indicted for fraud. With McAtee's assistance, Beltramea entered into a plea agreement with the government. Subsequently, the government learned that Beltramea violated the terms of that agreement. The government indicted Beltramea for obstruction of justice on that basis. With the assistance of new counsel from outside the FPD's office, Beltramea pleaded guilty to the obstruction charges. The government then subpoenaed McAtee to testify at Beltramea's sentencing hearing regarding the facts of the breach. The FPD moved to quash McAtee's subpoena, but the district court denied the motion. The proceedings below are still pending. Nevertheless, the FPD has immediately appealed the district court's ruling. Beltramea has not joined this appeal even though he filed a memo in the district court that supported the FPD's motion.

The FPD and the government assert that we have jurisdiction pursuant to *Perlman v. United States*, 247 U.S. 7 (1918). Nevertheless, we have a "special obligation" to satisfy ourselves that we actually possess the authority to decide this case. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

The Supreme Court has long held that a party subject to an order of production must refuse and be held in contempt before seeking appellate review. *United States v. Ryan*, 402 U.S. 530, 532–33 (1971); *see also In re Grand Jury Proceedings (Malone)*, 655 F.2d 882, 884 (8th Cir. 1981). However, immediate review is available

---

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

"in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims." *Ryan*, 402 U.S. at 533. *Perlman* is one example. *Id.* But the *Perlman* exception applies when the appellant seeks to quash a subpoena directed to a disinterested third-party custodian of information over which the appellant has asserted a privilege. *Id.*; *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992). The exception is limited to an appeal by the privilege holder. *In re Grand Jury*, 705 F.3d 133, 144 (3d Cir. 2012). It does not swallow the general rule, which dictates that the target of the subpoena—the third-party custodian—can appeal only after he has been held in contempt. *Id.*

In this case, the FPD, on behalf of McAtee, moved the district court to quash the subpoena and then immediately appealed the district court's denial. McAtee—the target of the subpoena—has yet to refuse compliance.[3] And the district court has not held him in contempt, a final judgment that McAtee has the right to appeal. Accordingly, subsequent appellate review is not impossible. We therefore dismiss this appeal for lack of jurisdiction.[4]

—————————————————

[3]We recognize that McAtee's resistance to the district court's order of production arises out of his honorable adherence to the ethical obligations of our profession. *See Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956).

[4]Because Beltramea—the privilege holder and a party to the matter below—has not appealed, we need not decide whether we would have had jurisdiction if he had joined this appeal. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107–13 (2009) (considering the collateral order doctrine and observing that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege").