Rivera, J.
(concurring). I concur with the majority that the order denying Facebook’s motion to quash the warrant is not appealable, but on the narrower basis that Facebook did not assert the grounds provided for under 18 USC § 2703 (d), and, thus, pursuant to section 2703 (a), the order is subject to our state rules and unreviewable. However, I fully agree with and adopt my dissenting colleague’s comprehensive and well- *253 reasoned analysis that the Stored Communications Act (SCA) permits Facebook to appeal the denial of a motion to quash or modify the SCA warrants (dissenting op parts I [a]; III [a]).
Section 2703 (d) gives service providers standing to move to quash or modify warrants on grounds that “the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.” The plain language of this subsection expressly applies to service providers like Facebook, and to any order issued pursuant to section 2703, including the warrants served on Facebook under the authority of section 2703 (a).
The SCA was designed to “protect legitimate law enforcement needs while minimizing intrusions on the privacy of system users as well as the business needs of electronic communications system providers” (132 Cong Rec S7987-04 [June 19, 1986]). Section 2703 (d) therefore encompasses demands to turn over information that impacts the provider’s business, reputational, and property interests that may be impacted adversely by an order issued under subsections (a), (b), or (c) of section 2703. Being forced to share material from its users’ accounts, unavoidably including material from individuals irrelevant to the State’s investigation, may indeed tarnish a service provider’s brand and alienate its users (see dissenting op at 263-264; see also In re Apple, Inc., 149 F Supp 3d 341, 368-373 [ED NY 2016]). Therefore, the economic impact on a service provider is sufficient grounds to assert relief in the form of a motion to quash or modify under section 2703 (d).[1]
It is manifest that to adequately protect the service provider’s interests, the denial of a motion to quash or modify is appeal-able as it is a final determination on the propriety of the government’s intrusion on those interests. The right to appellate review is part of the statutory framework that protects a service provider from government overreach. As the dissent explains, at the heart of our Fourth Amendment protections is the protection of privacy rights against the power of government (see dissenting op at 256-260, 280-282). The type of intrusion at issue here is even broader in many respects than those so familiar to the founders when they ratified the Fourth Amendment.
*254 Contrary to the majority’s view, appealability of an order denying a motion to quash is not subject to our state procedural rules governing warrants, because such an order is authorized under section 2703 (d), not 2703 (a). Unlike subsection (a), which expressly refers to state procedures, there is no such language attached to a section 2703 (d) order denying a motion to quash. Absent language indicating the congressional adoption of state procedures that would limit the protections specifically designed to address the concerns of service providers, there is no legal authority or reason to impose state laws and rules governing state criminal matters on the SCA.
Moreover, the majority ignores the balance of interests reflected in the SCA when it concludes that a service provider who challenges an SCA warrant should be treated the same as a challenger to a subpoena under any other statute. In the latter case, the party has two options: comply or refuse to comply and, if cited, litigate the propriety of the subpoena in a contempt proceeding. The SCA, however, does not impose on service providers this binary, which fails to account for the realities of a technological world of open access and constantly shifting boundaries of personal privacy. The SCA balances the interests of government and the service provider so as to avoid the disclosure to law enforcement of highly sensitive and personal information, made easily accessible with a keystroke, when the request is unusually voluminous or would cause an undue burden on the provider (see dissenting op at 261, quoting 132 Cong Rec S7987-04 [June 19, 1986]).
The majority’s reliance on United States v Ryan (402 US 530 [1971]) and a line of cases concerning the finality of various orders under 28 USC § 1291 is misplaced as here federal jurisdiction is not at issue and the order is a final ruling on Face-book’s motion under section 2703 (d) (majority op at 248). Regardless, the rule cited by the majority is not hard and fast. The United States Supreme Court has recognized exceptions for a “limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual’s claims” {Ryan, 402 US at 533).[2] There is as good a reason, if not a more compelling basis, to recognize an exception to the *255 rule requiring that the challenger raise the lawfulness of the order in a contempt proceeding — if such a rule applied to section 2703 (d) — given the nature of information sought in an SCA warrant. A service provider may rightly fear being held in contempt and forgo challenging the warrant as the stigma associated with a contempt finding jeopardizes the service provider’s stability and business position. These concerns present a calculus for the provider, and combined with the inherent coerciveness of the choice that risks a finding of contempt, weigh in favor of disclosure. While any challenger faces similar concerns, not every challenger has access to the sheer volume of intimate interpersonal information held by Facebook and other service providers. There is simply no basis to hold fast to a paradigm that encourages disclosure without addressing the unique circumstances presented when government demands the cache of information stored by service providers.[3]
Although I agree with the dissent that Facebook could move to quash on the grounds set forth in section 2703 (d) and that the SCA permits an appeal from an adverse determination of such motion, because Facebook did not assert in the first instance that the information or records requested were unusually voluminous, that compliance would cause an undue burden, or that its business, reputational, or property interests were endangered by the warrant, I agree with the majority that the Appellate Division should be affirmed. Facebook asserted the rights of its users grounding its challenge on claims that the warrants are constitutionally infirm because “(1) the searches they authorize are overbroad, and (2) the warrants lack particularity.” The SCA does not contemplate a service provider’s motion to quash to protect its users’ rights. Those rights are protected by the Fourth Amendment, CPL articles 690 and 710, and 42 USC § 1983 (see majority op at 251). Therefore, Facebook did not assert a basis for relief within the purview of section 2703 (d).
*256 The District Attorney’s warrant was issued under section 2703 (a), which expressly states that SCA warrants are “issued using State warrant procedures.” For the reasons stated by the majority, an order denying a motion to quash such a warrant on grounds of the users’ rights is not appealable under this Court’s current jurisprudence (majority op at 243-247).[4]

. The SCA protects the rights of providers, not only by explicitly giving them the right to move to quash or modify if the material sought by the warrant is unusually voluminous or would present an undue burden, but also by allowing them to be reimbursed for the costs associated with assembling or providing the material under 18 USC § 2706.

. Contrary to the majority’s claim, while this is a narrow exception, Ryan does not limit it merely to cases “where the party against whom disclosure is sought has an insufficient stake in the matter to risk a finding of contempt” (majority op at 249 n 8). While the Supreme Court in Perlman v United States (247 US 7, 12-13 [1918]) stated the case was unique on the *255 merits, it also noted that the government’s contention that the party “was powerless to avert the mischief of the order but must accept its incidence and seek a remedy at some other time and in some other way,” was “somewhat strange.” Further, Perlman is but “one example” of the limited class of cases referenced in Ryan (United States v Beltramea, 831 F3d 1022, 1024 [8th Cir 2016]).

. Since the matter is expressly addressed by section 2703 (d), and Face-book relies on this subsection to support review on the merits, I have no reason to consider the dissent’s analysis of standing under common law and federal law, and express no opinion on these alternative legal bases for appellate review.

. Facebook has not properly asserted claims under our State Constitution so I have no occasion to opine as to whether under our broad interpretation of New York’s constitutional guarantees a service provider may appeal an order denying relief from an SCA warrant on the basis of its users’ interests (see e.g. Cooper v Morin, 49 NY2d 69, 79 [1979] [“We have not hesitated when we concluded that the Federal Constitution as interpreted by the Supreme Court fell short of adequate protection for our citizens to rely upon the principle that that document defines the minimum level of individual rights and leaves the States free to provide greater rights for its citizens through its Constitution, statutes or rule-making authority”]).