# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-3190

_____

Jared Goyette, On behalf of themselves and other similarly situated individuals; Craig Lassig, On behalf of themselves and other similarly situated individuals; Communications Workers of America, On behalf of themselves and other similarly situated individuals; Tannen Maury; Katie Nelson; Stephen Maturen

*Plaintiffs - Appellees*

Michael Shum

*Plaintiff*

Edward Ou; Timothy Evans; Chris Tuite

*Plaintiffs - Appellees*

v.

John Does, 1-2, in their individual and official capacities

*Defendant*

David Hutchinson, Hennepin County Sheriff, in his individual and official capacity

*Defendant - Appellant*

City of Minneapolis; Medaria Arradondo, Minneapolis Chief of Police, in his individual and official capacity; Robert Kroll, Minneapolis Police Lieutenant, in his individual and official capacity; John Harrington, Minnesota Department of Public Safety Commissioner, in his individual and official capacity; Matthew Langer, Minnesota State Patrol Colonel, in his individual and official capacity; Joseph Dwyer, Minnesota State Patrol Major, in his individual capacity

*Defendants*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 9, 2024
Resubmitted: August 2, 2024
Filed: August 21, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 case, plaintiffs—eight individuals and one organization—claim they were detained and injured while working as journalists. They alleged violations of the First, Fourth, and Fourteenth Amendments, civil conspiracy, and failure to intervene. Hennepin County Sheriff David Hutchinson moved for summary judgment. In addition to denying qualified immunity, the district court[1] permitted both personal and official capacity claims against Hutchinson to proceed. He appealed.

While the case was on appeal, plaintiffs moved, in the district court, to voluntarily dismiss their individual capacity claims against Hutchinson, with prejudice. The district court issued an indicative ruling that if it had jurisdiction, it would dismiss the individual capacity claims. This court ordered a limited remand to allow the district court to dismiss those claims. *Goyette v. Does 1-2*, 2024 WL 3574571, at *1 (8th Cir. July 30, 2024); *Goyette v. Hutchinson*, No. 20-cv-1302, at *6 (D. Minn. July 31, 2024), *incorporating* 2024 WL 3402738, at *3 (D. Minn. July 11, 2024). The personal capacity claims against Hutchinson are now moot. *See In*

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

*re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996) (If during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party effectual relief, the appeal must be dismissed as moot).

Remaining before this court are only the official capacity claims, nominally against Hutchinson but actually against Hennepin County. *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (A suit against a public official in his official capacity is a suit against the entity for which the official is an agent); Fed. R. App. P. 43(c)(2) (A public officer's successor is automatically substituted as a party when the officer ceases to hold office). This court has "a 'special obligation' to satisfy ourselves that we actually possess the authority to decide this case." *United States v. Beltramea*, 831 F.3d 1022, 1024 (8th Cir. 2016), *quoting Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "This court's limited jurisdiction to review the denial of qualified immunity does not include the authority to review every issue in the summary judgment order." *Mogard v. City of Milbank*, 932 F.3d 1184, 1192 (8th Cir. 2019). While this court may exercise jurisdiction over claims inextricably intertwined with qualified immunity claims, in this case there are no longer any qualified immunity claims. *Id.* This appeal is dismissed for lack of jurisdiction. *See* 8th Cir. R. 47A.

_____