v.

**COMMONWEALTH EDISON, et al., Defendants.**

**No. 86 C 236.**

United States District Court,
N.D. Illinois, E.D.

March 24, 1988.

Les Jin, E.E.O.C., Chicago, Ill., for plaintiff.

Elaine Fishman, Gregory Jones, Isham, Lincoln and Beale, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Based on an employee's charge of sex discrimination, the Equal Employment Opportunity Commission ("EEOC") filed this lawsuit against defendant Commonwealth Edison. In connection with the litigation, the EEOC asked Commonwealth Edison to produce 16 memoranda prepared by Robert Ward, the company's equal employment administrator, and one of his assistants. Commonwealth Edison refused to comply with this discovery request, claiming that all 16 documents fell under the protection of the work product privilege. *See* Fed.R. Civ.P. 26(b)(3). Commonwealth Edison also asserted that the fourth document was subject to the attorney-client privilege.

The EEOC moved to compel discovery of all 16 documents. In an order dated July 7, 1987, Magistrate Bucklo granted the EEOC's motion with respect to 11 of the documents, but denied the motion as to the 5 memoranda drafted after July 1985. The magistrate found that these last 5 documents constituted work product insulated from discovery under Fed.R.Civ.P. 26(b)(3).

To the extent that the magistrate's order permits discovery, this court affirms her memorandum decision and order. The court, however, must respectfully disagree with the magistrate's ruling on the last 5 documents. Apparently, the magistrate characterized these documents as "work product" simply because they were prepared after July 1985, when the EEOC informed Commonwealth Edison that the charge of discrimination probably had merit. The magistrate's order implies that any documents drafted after July 1985 must have been prepared in anticipation of litigation. The imminent approach of litigation, however, does not automatically qualify a company's internal report as work product. *Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C.1982); *Soeder v. General Dynamics Corp.*, 90 F.R.D. 253, 255 (D.Nev.1980). A party that asserts the work product privilege bears the burden of establishing that "the primary motivating purpose behind the creation of a document or investigative report [was] to aid in possible future litigation." *Janicker*, 94 F.R.D. at 650; *see also Binks Mfg. Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1118–19 (7th Cir.1983). In the case at bar, Commonwealth Edison has failed to carry this burden. Having investigated approximately 100 claims of discrimination, Ward has admitted that he expected very few (if any) of these claims to result in litigation. Commonwealth Edison offers no evidence that Ward anticipated litigation in this particular case. There is no indication that Ward handled this claim any differently from the numerous other claims he had investigated. Moreover, Commonwealth Edison showed no signs of adopting a litigation mindset at any time during Ward's investigation, even after the EEOC indicated in July 1985 that the charge might have merit. In fact, the company's attorneys did not become significantly involved in this matter until after the EEOC filed a complaint with this court.

Ultimately, Commonwealth Edison has failed to demonstrate that any of the documents in question were prepared in anticipation of litigation. Most likely, Ward conducted his investigation not to prepare for the present litigation, but to preclude the advent of future litigation by identifying potential problems in employee relations. *Cf. Janicker*, 94 F.R.D. at 650–51 (university investigated dormitory fire for the pur-

pose of preventing future fires, not "in anticipation of litigation"). Consequently, this court concludes that Ward and his assistant did not prepare any of the documents at issue primarily because of the prospect of litigation. The magistrate's order of July 7, 1987 is affirmed in part and reversed in part. The EEOC's motion to compel discovery is granted in full. Commonwealth Edison shall produce all 16 documents requested by the EEOC.