**CALDERA, Plaintiff,**

v.

**MICROSOFT CORP., Defendant.**

**No. 96–CV–645 B.**

United States District Court,
D.Utah,
Central Division.

July 28, 1998.

inquiry into specific intent regarding his attempt to monopolize claim is not necessary.

Stephen J. Hill, Ryan E. Tibbetts, Max D. Wheeler, Snow Christensen & Martineau, Salt Lake City, UT, Stephen D. Susman, Charles R. Eskridge, III, Susman Godfrey, L.L.P., Houston, TX, Parker C. Folse, III, Susman Godfrey L.L.P., Seattle, WA, Ralph H. Palumbo, Lynn M. Engel, Summit Law Group, Seattle, WA, for Plaintiff.

John W. Mackay, Valerie A. Longmire, Ray Quinney & Nebeker, Salt Lake City, UT, Richard J. Urowsky, Steven L. Holley, Richard C. Pepperman, II, Jay Holtmeier, Sullivan & Cromwell, New York City, William H. Neukom, Thomas W. Burt, David A. Heiner, Steven J. Aeschbacher, Microsoft Corporation, Redmond, WA, James R. Weiss, Preston Gates Ellis & Rouvelas Meeds, Washington, DC, Michael H. Steinberg, Sullivan & Cromwell, Los Angeles, CA, for Defendant.

## ORDER

BOYCE, United States Magistrate Judge.

Novell, Inc., a nonparty to this action, has made a motion to intervene to claim a work product privilege as to documents which Microsoft seeks to get from Caldera. Novell seeks to protect against Caldera Inc. disclosing documents that Microsoft has sought in discovery relevant to this litigation. Novell asks to intervene under Rule 24, F.R.C.P. and Microsoft contends intervention should be denied as Novell has no work product claim that involves an "interest" that would be subject to protection under Rule 24, F.R.C.P. or Rule 26(b)(3) F.R.C.P. Novell is not a party to this action and Caldera has no privilege to assert.

The court received extensive argument and briefing and has divided this issue into two parts. First, whether Novell has a work product "interest" that would afford it standing to intervene. Novell claims that by simply asserting a work product claim to the documents in question, it has such an interest. This is essentially an assertion that the interest is automatic with the making of a work product claim. On the other hand, Microsoft contends that Novell should not be allowed to intervene because there is insufficient showing of a real work product interest of Novell worthy of protection in this case.

The court has taken the position that if Novell has a basis for intervention the court would allow intervention and then thereafter resolve the efficacy of the alleged work product privilege on full examination of all considerations. If Novell did not have a sufficient interest for intervention under Rule 24, F.R.C.P., then it would be denied and there would be no need to consider the substance of the work product claim any further.

The court believes the following facts are of significance. First, Caldera obtained the documents in question when it purchased the assets of Novell. Novell gave up the documents in transfer of the assets of Novell. Second, Novell has no litigation interest in this case to which the documents have application. Third, Novell has no direct property or transactional interest in this case. The only impact on Novell from the result of this case is that if Caldera loses, its "profits" may be less, and Novell's right to payment for the sold assets, out of Caldera's profits, would not be as great. Novell has only the most tangential, residual, economic interest in the outcome of the litigation. It is not direct or litigation related. Fourth, Novell has not asserted or shown that any other litigation interest exists or will be affected by the disclosure of the documents at issue. There is no longer any litigation interest that exists in the subject documents, as to Novell, that is likely to be affected by the document disclosure.

In light of these circumstances, the court concludes Novell had no *right* to intervene pursuant to Rule 24(a), F.R.C.P. Unlike the situation in *Sackman v. Liggett Group, Inc.,* 167 F.R.D. 6 (E.D.N.Y.1996) there is no on-going litigation interest. The work product privilege, unlike the attorney/client privilege, has a narrower justification and is tied into a need to protect attorney product and mental processes in association with litigation *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Any broader claim of protection of confidential material must be based on the more encompassing attorney/client privilege or other protection. That is not a issue in this matter. Caldera has no basis to assert a work product or attorney/client privilege with respect to the materials at issue.

None of the other cases urged by Novell actually support a claim for automatic standing on the basis of a bare assertion of a work product claim alone. Rather, the intervention has been sought when an identifiable litigation "interest", still associated with the work product, was identified. Two Tenth Circuit cases, *In re Grand Jury Subpoenas,* 144 F.3d 653 (10th Cir.1998) and *In re Grand Jury Proceedings,* 97–3389, July 15, 1998, considering intervention, involve a more substantial showing than in this case. In 144 F.3d 653 there was no real work product issue, but rather an attorney/client privilege. The proceedings were criminal and not governed by Rule 24, F.R.C.P. Still the court ruled against the claimant. The case is not precedent in this situation.

In 97–3389, the trial court denied intervention based on a work product claim. The Court of Appeals affirmed, essentially finding the work product claim unsubstantiated. These cases do not support Novell's position.

The court concludes that there must be more to justify intervention than a claim of automatic standing based on a work product claim. There must be an identifiable current interest of non hypothetical or non-tangential nature in the continued existence of the work product privilege. In *FTC v. Grolier,* 462 U.S. 19, 25–27, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983) the Supreme Court has said that as long as the work product privilege arose in anticipation of litigation, it remains as to "any litigation" in which the holder of the privilege may still have a litigation interest. If the rule in *Grolier* and 26(b)(3) is read literally the privilege would apply to a document only if it is prepared by or for "another party" and the privilege would not apply if a person is not a party. 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure,* § 2024 at 201–2 (1970). In *In re Murphy,* 560 F.2d 326, 334–35 (8th Cir.1977) the court held the privilege could apply to unrelated litigation to which the original claimant has some continued litigation interest.

In this case, Novell's interest is tenuous, hypothetical and unrelated to this litigation as a litigation interest. Novell has shown no litigation interest. Caldera attempted in its final memorandum to join with Novell. Caldera has no interest in the work product privilege, except as a means of prohibiting discovery. Novell has no litigation interest in this or any other case as to the materials it has sold and transferred. Novell can show no basis for pursuing its claim as to the documents involved except a remote and ethereal affect. A claim of protecting the adversarial system is not a basis per se for the privilege in the first instance and cannot be used as the only basis at this time, when a true litigation interest no longer exists or will likely exist and the documents have been alienated and are out of Novell's possession.

Novell has not shown the necessary "interest" to justify intervention under Rule 24, F.R.C.P. Therefore,

**IT IS HEREBY ORDERED** the motion of Novell, Inc., to intervene in this action to advance an attorney work product privilege, is **DENIED.**