# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2814

_____

In re: General Motors Corporation,     *
    *

        Petitioner,           *   Petition for Writ of Mandamus.
    *
    *

_____

Submitted: July 10, 1998
Filed: August 20, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

BEAM, Circuit Judge.

General Motors Corporation (GM) petitions the court for a writ of mandamus, seeking relief from the district court's discovery order directing GM to produce six documents that GM claims are privileged. GM also requests that we reassign the case to a different district judge. We deny GM's petition in part, and remand with instructions.

## I.    BACKGROUND

This case involves a wrongful death action against GM arising from an accident involving a 1985 Chevrolet Blazer. See Baker v. General Motors Corp., 86 F.3d 811, 814 (8th Cir. 1996), rev'd in part, 118 S. Ct. 657 (1998). The present dispute regards

a pre-trial discovery order granting the plaintiffs' motion for in camera inspection of certain allegedly privileged documents to determine the applicability of the crime/fraud exception to the attorney-client privilege.

The plaintiffs filed two motions seeking disclosure of certain documents that had been identified by GM in a privilege log in an unrelated lawsuit, which was filed in South Carolina. See Cameron v. General Motors Corp., No. 3-93-1278-07 (D.S.C.). The district court found a reasonable basis to believe that the crime/fraud exception applies and granted the plaintiffs' motion for in camera review of eight documents.[1] After reviewing the documents, the district court ordered GM to produce six of the eight documents prior to an additional "in camera hearing." We granted GM's motion for an emergency stay of discovery. In its petition for a writ of mandamus, GM requests that we vacate the district court's discovery order and reassign the case to a different judge on remand.

## II.    DISCUSSION

Where the district court has rejected a claim of attorney-client privilege, we will issue a writ of mandamus when the party seeking the writ has no other adequate means to attain the desired relief and the district court's ruling is clearly erroneous. See, e.g., In re Missouri Dep't of Natural Resources, 105 F.3d 434, 436 (8th Cir. 1997). The extraordinary remedy of mandamus is appropriate because the district court's order would otherwise destroy the confidentiality of the communications at issue. See Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487, 492 (7th Cir. 1970), aff'd by equally divided Court, 400 U.S. 348 (1971).

---

[1]We limit our discussion to the eight documents at issue: (1) Document 1; (2) Document 210; (3) Document 210A; (4) Document 213; (5) Document 216; (6) Document 224; (7) Document 233; and (8) certain handwritten notes of William Cichowski, an engineer at GM.

After reviewing certain relevant, lawfully obtained documents,[2] the district court correctly held that the plaintiffs met the threshold standard of proof to justify in camera review of the allegedly privileged documents to determine whether the crime/fraud exception applies. See United States v. Zolin, 491 U.S. 554, 572 (1989) (requiring that the party opposing the privilege present evidence sufficient to support a reasonable belief that in camera review may yield evidence that establishes the exception's applicability).[3] The district court then reviewed all eight documents in camera and

---

[2]In an unrelated lawsuit against GM, a Florida trial court recently ordered GM to produce several documents despite GM's claim that those documents were protected by the attorney-client privilege. See McGee v. General Motors Corp., No. 92-23582(25) (Cir. Ct. Broward Co., Fla. Feb. 10, 1998) (ruling remains subject to appeal). The materials that were produced included Document 210 and Document 213. Shortly thereafter, a South Carolina trial court found that these two documents were protected by the attorney-client privilege. See Barnes v. General Motors Corp., No. 96-CP-40-4207 (S.C. Ct. C.P. Apr. 20, 1998). Nonetheless, the plaintiffs in this case lawfully obtained copies of Document 210 and Document 213 after they were produced in accordance with the order in McGee. The plaintiffs submitted these documents to the district court as an exhibit to their motion requesting in camera review of the other six documents.

[3]Although a very close question, we are inclined to believe that this holding did not exceed the discretion of the district court. In Zolin the Supreme Court said, "we hold that the threshold showing to obtain *in camera* review may be met by using any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged." 491 U.S. at 575. Here, as mentioned in footnote 2, a South Carolina trial court has now adjudicated the only documents submitted to the district court to be privileged and the contrary ruling by the Florida court is on appeal. However, in Zolin, the Supreme Court, for purposes of the threshold inquiry, permitted the use of evidentiary material containing unwaived attorney-client communications obtained by the IRS in a lawful manner "from a confidential source." 495 U.S. at 558. Accordingly, we reluctantly affirm the district court's use of these documents in its threshold inquiry, but note that in Zolin there is no indication that any court had specifically adjudicated the documents to be privileged as has occurred in this case. Upon remand, we would not find it error for the district court to make a new and independent determination of this issue and then apply the further procedures outlined in this opinion, if necessary.

ordered GM to produce six of them for the purpose of conducting an "in camera hearing." The hearing was to take place with both sides present, and was intended to "flesh out" the dispute over whether the crime/fraud exception applies.

Although it issued an accompanying protective order, the district court erred in ordering GM to disclose to the plaintiffs the six allegedly privileged documents. Cf. Laser Indus. Ltd. v. Reliant Technologies, Inc., 167 F.R.D. 417, 439 n.35 (N.D. Cal. 1996) (stating that the judge must determine whether the exception applies prior to ordering disclosure). By ordering disclosure, the district court effectively destroyed the confidentiality of the communications. Until it is established that the crime/fraud exception applies, the district court may not compel disclosure of allegedly privileged communications to the party opposing the privilege.

On remand, the district court shall conduct in camera review of the documents and determine whether (1) they are protected by either the attorney-client privilege or the work-product privilege; and if so, whether (2) the challenger has established, by the necessary "quantum of proof," that the crime/fraud exception applies. We note that the Supreme Court has expressly declined to specify the "quantum of proof" required to establish the crime/fraud exception. See Zolin, 491 U.S. at 563 n.7. Accordingly, we leave this question to the district court, recognizing that Zolin dictates a higher standard of proof for public disclosure than for in camera review. See, e.g., Ferguson v. Lurie, 139 F.R.D. 362, 367 (N.D. Ill. 1991).

The district court need not conduct a formal hearing or receive additional evidence and argument if it determines that the crime/fraud exception does not apply. This being a civil case, the district court may not, however, compel production without permitting the party asserting the privilege, to present evidence and argument. See Haines v. Liggett Group, Inc., 975 F.2d 81, 97 (3d Cir. 1992) (stating that the party to the privilege has the absolute right to be heard by evidence and argument). If the district court decides that the plaintiffs should be present at these proceedings, it must

conduct such proceedings in a manner that maintains the confidentiality of the materials. Specifically, the plaintiffs shall not be in any manner privy to the confidential materials unless the plaintiffs first establish by the necessary "quantum of proof" that the crime/fraud exception applies. In this regard, we do not believe that the plaintiffs have a lawful right to insist on being present or represented at the in camera review, even if GM is permitted to present evidence and argument as outlined above.[4] We stress that if the district court ultimately determines that the crime/fraud exception applies, it should keep the privileged communications under seal to prevent their further disclosure until all avenues of appeal have been exhausted.

We deny GM's request to reassign the case to another judge on remand. Having reviewed GM's submissions, we do not find that the circumstances of this case would cause a reasonable person to question the district judge's impartiality. See United States v. Tucker, 78 F.3d 1313 (8th Cir. 1996).

## III. CONCLUSION

We deny GM's request for reassignment of the case to another judge, and we remand the case for further proceedings consistent with this opinion.

HANSEN, Circuit Judge, concurring.

I concur in the court's opinion and in its judgment. I write separately to express my view that the district court would be well advised to heed the suggestion contained in the last sentence of footnote 3 of the opinion. In this case, where two state trial

---

[4]The plaintiffs suggest the presence of a "guardian ad litem" of sorts to function as plaintiffs' discovery advocate during any presentations by GM at the in camera proceeding, presumably with access by the guardian to the privileged documents. Even with a protective order to preserve confidentiality, we reject any such approach and direct that the district court not permit this or any similar procedure.

courts have come to opposite conclusions concerning whether Documents 210 and 213 are privileged, I believe the better practice would have been for the district court to have made its own determination about whether or not Documents 210 and 213 are privileged before it made its threshold determination. It did not do so. Our remand now permits it to do so if, in its discretion, it deems it advisable, notwithstanding our affirmance of its present threshold decision. If it determines to revisit the threshold decision and finds that the two documents are privileged, then it must make the threshold redetermination without considering the two documents as part of the plaintiffs' evidence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.