# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1086

_____

| | | |
|---|---|---|
| In re: Grand Jury Subpoena as to C97-216. | * * * * | Appeal from the United States District Court for the Northern District of Iowa. |

_____

Submitted: June 17, 1999

Filed: August 17, 1999

_____

Before RICHARD S. ARNOLD, BRIGHT and ROSS, Circuit Judges.

_____

ROSS, Circuit Judge.

Appellant appeals from an order of the district court[1] compelling the testimony and production of certain items by his former attorney before a grand jury on the ground that the crime-fraud exception applied to appellant's assertion of the attorney-client privilege.[2]  We affirm.

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

[2]Appellant, as the client and the party claiming the privilege, has "a right to appeal the order compelling [] his former attorney . . . to appear and produce documents." In re Grand Jury Proceedings (Wine), 841 F.2d 230, 232 (8th Cir. 1988); see also In re Grand Jury Proceedings (Malone), 655 F.2d 882, 885 (8th Cir. 1981).

Appellant was charged with conspiracy to distribute methamphetamine. The indictment was dismissed without prejudice on the government's motion following the disappearance of two prospective witnesses.

The government then initiated a grand jury investigation concerning appellant's role in the disappearances. The attorney who had represented appellant in the conspiracy case received a subpoena to testify and to produce a videotape and related documents before the grand jury. The attorney filed a motion to quash, relying on the attorney-client privilege. The government moved to compel, relying on the crime-fraud exception to the privilege and in support submitted a sealed ex parte affidavit and attachments.

The district court held a telephone conference with the Assistant United States Attorney (AUSA), counsel for the attorney, and counsel for appellant. The court informed them that based on its review of the affidavit and supporting materials, the government had made a threshold showing to justify an in camera examination of the attorney to determine if the crime-fraud exception applied. See United States v. Zolin, 491 U.S. 554, 572 (1989) ("[b]efore engaging in in camera review to determine the applicability of the crime-fraud exception, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person . . . that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies") (internal quotation omitted).[3] As to the procedures of the examination, the court stated that the attorney's counsel could be present, but not the AUSA or appellant's counsel. The court, however, informed the AUSA and appellant's counsel that they could submit proposed questions and appellant's counsel could also file an argument or brief concerning the application of the crime-fraud

---

[3]Noting it was unclear what burden of proof the Zolin showing required, see In re General Motors Corp., 153 F.3d 714, 716 (8th Cir. 1998), the district court applied a clear and convincing standard.

exception. Appellant's counsel told the court "[t]hat would be fine" and he found "that acceptable."

Despite the opportunity to submit questions and argument, appellant's counsel did neither. After the examination, the court granted the government's motion to compel, finding although there was no evidence of wrongdoing by the attorney, there was clear and convincing evidence that appellant had used his consultations with the attorney to further the crime of obstruction of justice.

Appellant first challenges the district court's use of the ex parte affidavit in determining that the government had made the threshold showing under Zolin, arguing his due process rights were violated by his inability to inspect and rebut the affidavit. The government argues that we may review the issue only for plain error because appellant failed to object to the district court's use of the affidavit, despite opportunities to do so. The government notes that in an order the court indicated it would use the sealed affidavit and the attachments in making the determination whether to have an in camera examination; in another order the court stated the purpose of the telephone conference was to "make certain all the parties' interests were fully aired;" and at the conclusion of the conference the court asked appellant's counsel if there was "anything else" and he said no. In addition, the government points out that at the conference the AUSA confirmed that appellant's counsel had seen the attachments to the affidavit and counsel did not contest the statement or ask to view the sealed affidavit.

In these circumstances, we agree with the government that we may review the issue only for plain error. We also agree with the government that there is none. Numerous courts of appeals have held that a court may consider the government's ex parte submission in order to preserve the secrecy of ongoing grand jury proceedings and have rejected appellant's due process argument. See e.g. In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991, 33 F.3d 342, 350-353 (4th Cir. 1994); In re John Doe, Inc., 13 F.3d 633, 636 (2d Cir. 1994); In re Antitrust

Grand Jury, 805 F.2d 155, 164-168 (6th Cir. 1986); In re Grand Jury Proceedings (Vargas), 723 F.2d 1461, 1467 (10th Cir. 1983); In re John Doe Corp., 675 F.2d 482, 489-491 (2d Cir. 1982).

Appellant also asserts the procedures used by the district court in conducting the in camera examination violated due process. Because appellant has affirmatively waived any objection to the procedures by telling the court the procedures were "fine" and "acceptable," we need not review the issue, even for plain error. See United States v. Olano, 507 U.S. 725, 733 (1993) (waiver extinguishes plain error review); United States v. Tulk, 171 F.3d 596, 600 (8th Cir. 1999) ("need not conduct plain error review here because [defendant] deliberately waived his right to object").

Apparently realizing the weakness of the arguments made in his brief, at oral argument appellant's counsel stated the relief he really was seeking was an opportunity to review the in camera examination. Because this is the first time appellant makes the request, it comes too late. See In re Sealed Case, 162 F.3d 670, 675 n.5 (D.C. Cir. 1998) (appellant's request in reply brief "for the first time that the district court should have permitted her to examine the material the court reviewed in camera . . . comes too late to be considered"). Nor do we know of any right appellant has to such review. In In re John Doe, Inc, the district court instructed appellants not to interrogate their former attorney after his in camera examination. 13 F.3d at 637. The Second Circuit found no error in the instruction, holding "there was no due process right to interrogate the attorney, who was a potential grand jury witness and no longer represented appellants." Id. Here, the court did not prohibit appellant from questioning his former attorney.

Accordingly, we affirm the order of the district court granting the government's motion to compel.

RICHARD S. ARNOLD, Circuit Judge, concurring in the judgment.

-4-

I agree that the order of the District Court must be affirmed, and I concur in much of the Court's opinion.

As to the District Court's use of an ex parte affidavit submitted by the government, I concur only on the ground that the issue was not properly preserved below. On the merits of the question whether such use is proper and consistent with due process, I express no view.

In addition, I do not wish to be understood as approving any order that would prohibit a client or his current attorney from interviewing a former attorney. As the Court observes, no such order was entered here. On this state of the record, it seems to me, appellant and his current lawyer are free to interview his former lawyer.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.